THOMAS REGAN *against* JOHN G. GERDES.

Defendant, having a lease of premises, a part of which he sublet, rented a part of
them, on Oct. 14th, to the plaintiff, under the agreement that the plaintiff, on
Nov. 1st, should take a lease of the whole premises from the owner. Subse-
quently it was agreed as being "equal" to the former arrangement, that the
plaintiff should take a lease from Oct. 1st, and pay the rent from that day, and
the defendant should pay the plaintiff rent for the premises he had occupied up
to Oct. 14th. *Held*, that under this agreement the defendant was bound to pay
to the plaintiff the October rent he had collected before the agreement was
made.

APPEAL from a judgment of this court, entered on the re-
port of a referee.

The action was for money had and received to the use of
the plaintiff.

The answer was a general denial. The facts of the case
were that on Oct. 14th, 1871, the defendant was the lessee of
premises in the city of New York, a part of which he used for
the purposes of a business there carried on by him, another
part for dwelling purposes for himself, and the remainder he
rented to various tenants. On that day (Oct. 14th) he agreed
to sell to the plaintiff his store (including stock, &c.) and his
lease, on the following terms, to wit, that the plaintiff should
pay $2,000, and also pay to the defendant half a month's rent
of the store premises (up to Nov. 1st) and go into possession at
once, and on Nov. 1st should take a lease of all the premises
from the owner. On the same day the plaintiff took possession
under this agreement.

By the terms of the defendant's lease, the rent was payable
by him at the end of the month, but he collected the rent from
his subtenants monthly in advance, and on Oct. 14, when the
plaintiff went into possession, he had collected the rent for the
parts of the premises which were not occupied by him, and it
was therefore agreed that he should pay to the landlord the rent
for the whole premises for October, and that plaintiff should
pay to the defendant half a month's rent for the store premises,

as above stated.   A few days after the plaintiff went into pos-
session, the defendant suggested to the plaintiff, as an agree-
ment "equal" to the former one, that the plaintiff should take
from the owner a lease of the whole premises from Oct. 1st,
and pay the rent from that time, and that the defendant would
then pay the plaintiff half a month's rent of the store premises
and a whole month's rent of the apartments he occupied.   To
this the plaintiff agreed, and took a lease and paid the rent ac-
cordingly, and then demanded of the defendant payment of the
amount of October rent, $231, that he had collected from his
subtenants.   This the defendant refused to pay, and this action
was brought to recover the same.

The cause was referred, and the referee reported in favor of
the plaintiff, and the defendant appealed.

J. F. DALY, J.—The account given by defendant and his
witness, of the agreement between himself and plaintiff, is flatly
contradicted by the memorandum of the agreement reduced to
writing, signed by defendant.   That was the first agreement
between the parties spoken of by plaintiff.   By it the plaintiff
was to pay the defendant half a month's rent of the store and
come under full months' rent for the premises, on November
1st, to the landlord.   In view of the knowledge of all parties,
that the defendant had then in his hands the rent of the sub-
tenants for the whole month of October, which he had col-
lected, and was to receive in addition thereto the rent of the
store for the balance of October, from the plaintiff, it was
clearly the intention that defendant was to pay the landlord
Wettyen the full rent for that month.

The subsequent alteration of this agreement between the
parties, was in two points only, viz., that the plaintiff was to
take the lease from October 1st, instead of November 1st, and
was to receive from defendant half a month's rent of the store
and a month's rent of the premises in the building occupied by
defendant, instead of paying half a month's rent of the store
to defendant.   This was upon the defendant's suggestion that
it would be equal to the arrangement first made—" equal to
him paying me for half a month and making the lease from

first November." It would not be equal, if plaintiff were to pay the landlord the October rent, as defendant claims he should. But the language evidences unmistakably the intent of the parties to make the last arrangement " equal" to the former, and this intent can only be carried into effect by construing the agreement of the parties, as finally made, to mean : that plaintiff was to become responsible to the landlord, under the new lease, for the whole month of October; and that defendant was to pay plaintiff, not only rent for his own occupation of the premises, but also the rent from the subtenants, which he had already collected for that month. Where the intent of the parties is plain, it will be carried into effect, even if the words used in making the agreement fail to express every part of it. No other construction could be given to the language of the parties which would not be grossly inequitable to the plaintiff, and which would not give to defendant by the last arrangement an advantage that he disclaimed when he stated that it was to be " equal " to the first one.

The plaintiff had a right to demand and receive from the defendant, the rents for October, collected from the subtenants, and the recovery being for that sum, the judgment must be affirmed.

Daly, Ch. J., and Loew, J., concurred.

Judgment affirmed.